ELECTRONICALLY FILED
Oct 07 2019
U.S. DISTRICT COURT
Northern District of WV

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF WEST VIRGINIA

DONALD BURACKER AND
JAY LONGERBEAM,

    Plaintiffs.

v.

SHEPHERD UNIVERSITY

    Defendant.

Civil Case No. 3:19-cv-169 Judge Groh

## COMPLAINT

Comes now the Plaintiffs, Donald Buracker and Jay Longerbeam, and complains as follows.

## PARTIES

1. Plaintiff Donald Buracker resides at 188 Hollida Lane, Martinsburg, W.V. 25404 and was, at all times relevant, a Police Investigator with the Shepherd University Police Department.

2. Plaintiff Jay Longerbeam resides at 118 Center Street, Charles Town, W.V. 25414 and was, at all times relevant, a Police Investigator with the Shepherd University Police Department.

3. Defendant Shepherd University is a non-profit, state funded higher education institution located at 301 N. King Street Shepherdstown, W.V. 25443.

## JURISDICTION

4. Jurisdiction is proper because the allegations contained herein involve federal causes of action, to wit, violation of the Age Discrimination in Employment Act of 1967, 29 USC § 621 et seq., and violation of the Americans with Disabilities Act, 42 USC § 12111 et seq.

5. Venue is proper because the events took place in the Northern District of West Virginia and the Defendant resides within the District.

6. All damages requested in the foregoing complaint against Defendant Shepherd University are requested up to the limits of the applicable insurance coverage where such limits are required by law.

7. Plaintiffs Longerbeam and Buracker have both received Notice of Right to Sue Letters from the Equal Employment Opportunity Commission within 90 days of the filing of the instant Petition (Exhibit A and B), and have therefore met their pre-suit obligations under both federal and state law.

8. Notices of Intent to bring suit have been duly provided, pursuant to W.Va. Code 55-17-3, as to both Plaintiffs Longerbeam and Buracker with respect to the state law claims alleged herein.

### Allegations Relating to Plaintiff Buracker

9. Plaintiff Donald Buracker had been employed for over 28 years as a part-time police officer with Shepherd University under the title Police Investigator 1.

10. At all times relevant, Plaintiff Buracker was over 40 years of age.

11. On or about July of 2016, Plaintiff Buracker applied for a full-time Campus Police Investigator 1 position which was advertised by Defendant Shepherd University. This

was the exact same position that Plaintiff Buracker was already occupying on a part-time basis.

12. Despite the fact that, at the time of the job posting, there was a law in effect, W.Va. Code § 18B-7-3(e), which required that a nonexempt classified employee, such as Plaintiff Buracker, who applies for a job and meets the minimum qualifications shall be transferred or promoted before a new individual is hired, Defendant refused to hire Plaintiff Buracker.

13. Instead, Defendant hired another individual, Zachary Ray, to fill the position, who was in his twenties and just out of the police academy, and who had not even yet been certified as a police officer.

14. Defendant Shepherd University, through its agent, Police Chief McAvoy, specifically stated that it was hiring Mr. Ray in part because of his youthful age.

15. Shepherd claimed that it had rejected Plaintiff Buracker's application because he did not have an associates or other university degree, which they claimed to be a minimum qualification for the position, yet it had recently hired other individuals who also did not have a degree, such as RJ James and Matt Harper, for the same position as applied for by Plaintiff Buracker.

16. The individuals identified in the preceding paragraph who were offered Police Investigator I positions without college degrees were significantly younger than Plaintiff Buracker.

17. On or about November 1, 2016, Plaintiff Buracker filed a grievance against Shepherd University, alleging violations of W.Va. Code 18B-7-3(e) and age discrimination.

18. Argument and questioning as to age discrimination, and allegations attendant thereto, were made at both Plaintiff Buracker's Level 1 and Level 3 contested grievance hearings.

19. On April 30, 2018, following Plaintiff Buracker's Level 3 grievance hearing, the West Virginia Grievance Board ruled in Plaintiff Buracker's favor, finding that Shepherd University acted arbitrarily and capriciously in denying Plaintiff's application for the position, and Ordered Defendant to immediately offer Plaintiff the Police Investigator I position as well as backpay.

20. As soon as Plaintiff Buracker accepted his new, full-time position, he was subject to a variety of reprisals and retaliation, including but not limited to:

    a. Being told by his superior, Chief McAvoy, that Plaintiff was now his nemesis;

    b. Being kept at the lowest level of seniority despite his many years of experience;

    c. Receiving disparate treatment compared to other officers in terms of responsibilities;

    d. Receiving disparate treatment in terms of discipline.

21. Throughout his tenure, Plaintiff Buracker was treated in a disparate manner from younger officers by being held to different, more stringent standards of discipline and different, more stringent responsibilities.

22. It was known among the Shepherdstown Law enforcement community that Shepherd University was looking for a reason to terminate Plaintiff Buracker's employment, and various officers were specifically instructed by individuals acting on behalf of

Shepherd to alert relevant authorities if they found Plaintiff Buracker doing anything which might be used to justify his termination.

23. Throughout Plaintiff Buracker's tenure as a full time Officer at Shepherd University, he made numerous disclosures of inappropriate activity, including but not limited to the following allegations:

   a. That Shepherd University had arranged for an extrajudicial process with a local magistrate whereby Shepherd University students who had been charged with misdemeanors would be placed on an alternate, extrajudicial disciplinary procedure;

   b. That the Mayor of Shepherdstown would regularly intercede in criminal prosecutions on behalf of Shepherd University students, particularly athletes.

   c. That Shepherd university employees were violating state ethics laws by misappropriating state resources.

   d. That Shepherd University instructs its officers not to enforce state law as to certain infractions.

24. As a result of his many disclosures, complaints, and grievances, Plaintiff was intentionally isolated by Chief Mcavoy and other members of the Shepherd University Police. It was known throughout the police department that they associated with Plaintiff Buracker at their own peril.

25. Plaintiff Buracker is a diagnosed diabetic whose medication causes him to urinate frequently. Prior to the firing, a pre-termination "Garrity" hearing was held, in which Plaintiffs disability in the form of his frequent urination was explicitly brought up as a reason for his potential termination and/or discipline. At that time, a video of him

urinating was displayed publicly in front of various Shepherd University administrators.

26. Said urination was specifically stated as a partial basis for said Garrity hearing, which resulted in Plaintiff Buracker's ultimate termination.

27. On May 2, 2019, Plaintiff Buracker was fired under pretextual reasons, in retaliation for his many disclosures regarding Defendant's age discrimination as well as Defendant's other clear violations of federal and state law.

28. Plaintiff Buracker suffered damages in the form of a loss of his job and wages attendant thereto, loss of all pension and retirement benefits, and pain suffering, and emotional distress associated with the loss of his employment, reputation, and the general isolation and betrayal he felt through Shepherd's intentional targeting of him from the moment he accepted his full time position in 2018.

## Allegations Relating to Plaintiff Longerbeam

29. At all times relevant, Plaintiff Jay Longerbeam was a Police Investigator I with Shepherd University Police.

30. At all times relevant, Plaintiff Longerbeam was over 40 years of age.

31. Throughout his tenure at Shepherd, Plaintiff Longerbeam was continuously treated disparately compared to younger officers at Shepherd University, including by:

    a. Being held to different, more stringent standards in terms of responsibilities
    b. Being held to different, more stringent standards of discipline.

32. On or about January 25, 2019, a mandatory meeting was requested by Chief McAvoy with Shepherd HR to discuss supposed "discord and distrust," within the department. Plaintiff suspected this meeting was related to the many disclosures that Plaintiff

Buracker had made regarding what he believed to be the inappropriate actions of Shepherd University Police and Police Personnel.

33. On February 6, 2019, Plaintiff had the above described mandatory meeting with HR, and took the opportunity to criticize Shepherd for what he believed was the mismanagement of its police department regarding communication between officers and superiors.

34. Throughout his tenure at Shepherd, Plaintiff Longerbeam maintained a personal friendship with Plaintiff Buracker, and refused to isolate him socially the way the other officers had clearly been instructed to after Plaintiff's Buracker made his disclosures of wrongdoing and discrimination.

35. Throughout his tenure at Shepherd, Plaintiff Longerbeam was repeatedly reprimanded for attempting to enforce state law by writing citations for violations of law.

36. On May 2, 2019, Plaintiff Longerbeam was fired under pretextual reasons along with Plaintiff Buracker, in part to provide cover for Defendant's pretextual termination of Plaintiff Buracker, and also in retaliation for Plaintiff Longerbeam's disclosures against the University Police Department and his refusal to isolate and shun Plaintiff Buracker.

37. Plaintiff Longerbeam suffered damages in the form of a loss of his job and wages attendant thereto, loss of all pension and retirement benefits, and pain suffering, and emotional distress associated with the loss of his employment, reputation, and the general isolation and betrayal he felt as a result of Defendant's conduct.

## COUNTS I AND 2: VIOLATIONS OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

38. Plaintiffs incorporate by reference the above allegations as if stated fully herein;

39. By discriminating against Plaintiffs Buracker and Longerbeam on the basis of their age, as indicated above, Defendant violated the provisions of 29 USC § 621 et seq.

40. By retaliating against Plaintiff Buracker for his disclosures of age discrimination in the form of disparate treatment and, ultimately, termination of employment, Defendant further violated the provisions of 29 USC § 621 et seq.

41. As a direct and proximate result of Defendants discrimination, Plaintiffs Buracker and Longerbeam suffered damages in the form of a loss of employment and wages attendant thereto, loss of all pension and retirement benefits, and pain suffering, and emotional distress associated with the loss of his employment, reputation, and the general isolation and betrayal he felt because of Defendants actions.

## COUNT 3: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

42. Plaintiff Buracker incorporates by reference the above allegations as if stated fully herein.

43. By discriminating against Plaintiff Buracker on the basis of his disability, as stated in the aforementioned factual allegations, Defendant violated the provisions of the Americans with Disabilities Act, 42 USC § 12111 et seq.

44. As a direct and proximate result of Defendants discrimination, Plaintiff Buracker suffered damages in the form of a loss of employment and wages attendant thereto, loss of all pension and retirement benefits, and pain suffering, and emotional distress associated with the loss of his employment, reputation, and the general isolation and betrayal he felt because of Defendant's actions.

## COUNTS 4 AND 5: VIOLATIONS OF THE WEST VIRGINIA HUMAN RIGHTS ACT

45. Plaintiffs Buracker and Longerbeam incorporate by reference the above allegations as if stated fully herein.

46. By discriminating against Plaintiffs Buracker and Longerbeam on the basis of age, as indicated above, Defendant violated the West Virginia Human Rights Act, W.Va. Code §5-11-1 et seq.

47. As a direct and proximate result of Defendants violation of the West Virginia Human Rights Act, Plaintiffs Buracker and Longerbeam suffered damages in the form of a loss of employment and wages attendant thereto, loss of all pension and retirement benefits, and pain suffering, and emotional distress associated with the loss of employment, reputation, and the general isolation and betrayal incurred because of Defendant's actions.

## COUNTS 6 AND 7: VIOLATIONS OF THE WEST VIRGINIA WHISTLEBLOWER PROTECTION ACT.

48. Plaintiffs incorporate by reference the above allegations as if stated fully herein.

49. By discharging, discriminating, and retaliating against Plaintiffs Buracker and Longerbeam for their good faith reports of wrongdoing and waste, as indicated above, Defendant violated the provisions of West Virginia Code §6C-1-1 et seq.

50. As a direct and proximate result of Defendant's violation of the West Virginia Whistleblower Protection Act, Plaintiffs Buracker and Longerbeam suffered damages in the form of a loss of employment and wages attendant thereto, loss of all pension and retirement benefits, and pain suffering, and emotional distress associated with the loss of employment, reputation, and the general isolation and betrayal incurred because of Defendant's actions.

## **COUNTS 8 AND 9: WRONGFUL DISCHARGE**

51. Plaintiffs incorporate by reference the above allegations as if stated fully herein.

52. Defendant engaged in discriminatory, retaliatory, and wrongful conduct as indicated above, and retaliated against Plaintiffs for their disclosures relating to the discriminatory, retaliatory and wrongful conduct indicated above by terminating their employment.

53. Defendant's improper conduct contravenes the following substantial public policy principles of the state of West Virginia:

    a. The governments interest in preventing discrimination in the workplace;

    b. The government's interest in preventing retaliation against whistleblowers;

    c. The government's interest in ensuring that its agencies follow relevant state laws;

    d. The government's interest in ensuring that its police officers enforce state law.

54. By terminating Plaintiffs Buracker and Longerbeam in retaliation for their disclosures relating to Defendant's improper conduct and violations of state public policy, as indicated above, Defendant engaged in wrongful discharge.

55. As a direct and proximate result of Defendant's wrongful discharge of Plaintiffs, Plaintiffs Buracker and Longerbeam suffered damages in the form of a loss of employment and wages attendant thereto, loss of all pension and retirement benefits, and pain, suffering, and emotional distress associated with the loss of employment, reputation, and the general isolation and betrayal incurred because of Defendant's actions.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court provide the following relief:

1. Economic damages for lost wages and lost retirement benefits;

2. Damages for pain, suffering, and emotional distress;

3. Punitive damages where allowed by law;

4. Prejudgment interest on all liquated sums from the date of incident until the return of a verdict in favor of the Plaintiff

5. Post-judgment interest on all special and general damages from the date of the jury verdict in favor of Plaintiffs until payment;

6. Attorney fees; and

7. Any such other and further relief as to this Honorable Court may seem necessary and just, including but not limited to potential reinstatement of employment with Defendant.

**PLAINTIFFS REQUEST A TRIAL BY JURY**

<u>PLAINTIFFS,</u>

By Counsel:

/s/ Christian J. Riddell
Christian J. Riddell (State Bar #12202)
329 S. Queen Street
Martinsburg, WV 25401
(304)267-3949